UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually,

    Plaintiff,

v.                                                              Case No: 2:15-cv-630-FtM-29CM

RADIO ROAD PLAZA INVESTMENTS, LLC,

    Defendant.

### ORDER

This matter comes before the Court on plaintiff's Verified Application for Attorney's Fees, costs, Expert Witness Fees and Litigation Expenses (Doc. #28) filed on April 13, 2016. Defendant filed a Response (Doc. #29) on April 27, 2016. Plaintiff filed a Reply in Support of Her Verified Application (Doc. #32) with leave of Court. (Doc. #31.) On May 24, 2016, plaintiff filed a Verified Supplemental Application (Doc. #33) seeking additional fees for the filing of the reply and the supplemental application. Defendant filed a Response (Doc. #34).

**I.**

As a preliminary matter, plaintiff sought leave to file a 5 page reply to address the defendant's response, and the e-mails submitted with defendant's response, to "furnish the Court with the legal authorities rejecting the Defendant's claims", and to

provide a more complete picture of discussions between counsel. (Doc. #30.)  The Magistrate Judge granted the motion and specifically permitted a reply "of no more than five (5) pages." (Doc. #31, p. 2, § 2.)  On May 24, 2016, plaintiff filed a Reply (Doc. #32) that was in fact 6 pages in length, and also attached e-mails in support.  The reply will be stricken and the 6 pages will not be considered based on plaintiff's failure to comply with the granted page limit.

As to the e-mails submitted by both counsel, the Court finds that they neither help nor hinder the decision on what constitutes a reasonable fee.  Both attorneys engaged in normal tactics in support of their respective positions to either compel a quicker settlement or to avoid discovery in hopes of a less expensive settlement.  In the end, all parties agreed that there were barriers to access that needed to be addressed, and the only current issue before the Court is whether the attorney fees, costs, and expenses sought are reasonable.

On May 24, 2016, plaintiff filed a Verified Supplemental Application (Doc. #33) seeking fees and expenses expended subsequent to the original filing, and specifically related to the reply.  As the Court finds that the reply should be stricken, the Court will deny this supplemental application for an extraordinary $4,704.00 in its entirety.

**II.**

Plaintiff initiated her Complaint (Doc. #1) on October 9, 2015, and defendant filed an Answer and Affirmative Defenses (doc. #10) on November 9, 2015. On February 29, 2016, plaintiff filed an Amended Motion for Summary Judgment (Doc. #20), however the parties reached a settlement before the response was due. (Doc. #25.) On April 1, 2016, the Court issued an Order (Doc. #26) granting the parties' Joint Motion for Approval of Consent Decree and Dismissal of Case With Prejudice (Doc. #25), approving the parties' attached proposed Consent Decree, and directing the entry of judgment. Judgment (Doc. #27) was entered on April 4, 2016, and the parties agreed in the approved Consent Decree (Doc. #27-1) as follows:

> Defendant shall pay Plaintiff's counsel, **Thomas B. Bacon**, Plaintiff's attorneys' fees, litigation expenses, expert fees, re-inspection fees and costs incurred in this matter. The amounts to be paid shall be established by the Court.

(Doc. #27-1, p. 2, ¶ 2) (emphasis added). Plaintiff now seeks fees, costs, and expenses as the prevailing party[1] under 42 U.S.C. § 12205, and plaintiff's entitlement to same is undisputed. Plaintiff seeks $13,272.00 for both Mr. Bacon and Mr. Cullen's fees based on an hourly rate of $420.00 per hour; paralegal fees

---

[1] Plaintiff also cites to Local Rule 7.3(a)(8), however no such Local Rule exists in the Middle District of Florida.

of $149.50 based on an hourly rate of $115; $461.54 for costs and expenses; $1,300 for expert expenses; and $1,000 for the re-inspection fee for a total of $16,183.04, not including the additional funds requested in the supplemental application.

**III.**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. <u>Id.</u> In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, <u>Bivins v. Wrap It Up, Inc.</u>, 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, <u>Norman v. Housing Auth. Of Montgomery</u>, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

Although defendant does not object to the request for fees by Mr. Cullen, counsel of record in this case, the Consent Decree signed by both parties, approved by the Court, and attached to the judgment only provides for payment of attorney fees to Mr. Bacon. Therefore, the motion will be denied without prejudice as to all fees incurred on behalf of Mr. Cullen.

**Hourly Rate**

Plaintiff is seeking a rate of $420 per hour for attorney work, and a rate of $115 per hour for paralegal fees. Attorney Thomas B. Bacon was admitted to The Florida Bar in 1998, The Pennsylvania Bar in 1989, and The Georgia Bar in 2008. Mr. Bacon has focused his practice on Title III of the Americans with Disabilities Act for the last decade. (Doc. #28-1, Exh. A.) Although Mr. Bacon spent a few hours working on the case, and previously represented Patricia Kennedy in at least 9 other prior cases, Mr. Bacon did not enter a formal appearance in this case and is not listed counsel of record. Nonetheless, as counsel who initially worked on the case and who is to be paid fees under the Consent Decree, the Court will consider the reasonableness of the fees.

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). Counsel cites to other jurisdictions[2] to demonstrate

---

[2] In the Middle District of Florida case cited, the request was unopposed. See Access for the Disabled v. EDZ, Inc., 8:12-cv-2186-T-EAJ, Doc. #85 (M.D. Fla. Nov. 25, 2014).

that the rate is reasonable, however the prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

The Court agrees with defendant that the hourly rates must be reduced. The prevailing rates in the Fort Myers Division are significantly lower than those found in the Tampa or Orlando Divisions[3], and plaintiff has not met her burden to demonstrate that $420 is a reasonable hourly rate for counsel, or that $115 per hour is a reasonable rate for the paralegal. The Court will permit a reduced hourly rate of $300 for Mr. Bacon based on his specific experience with Title III cases. The paralegal rate will be reduced to $95 an hour. See, e.g., Nat'l All. for Accessability, Inc. v. Hull Storey Retail Grp., LLC, No. 3:10-CV-778-J-34JBT, 2012 WL 3853520, at *4 (M.D. Fla. June 28, 2012), report and recommendation adopted, No. 3:10-CV-778-J-34JBT, 2012 WL 3853455 (M.D. Fla. Sept. 4, 2012)(reducing the rates for Mr. Bacon and the paralegal).

---

[3] The Declaration of Adam S. Chotiner (Doc. #29-1), submitted by defendant, was not considered as Mr. Chotiner is a shareholder in a Boca Raton law firm and in the Southern District of Florida where hourly rates for counsel are also higher. The Court notes that none of the attorneys in this case are local to the Fort Myers Division.

**Number of Hours**

The Court has reviewed the time sheet for Mr. Bacon and the paralegal.  The Court finds that some of the hours for the paralegal are excessive and are due to be reduced as indicated below.  The Court finds that the hours billed by Mr. Bacon are reasonable and that a total of 3.3 hours at a reduced rate of $300 an hour results in a total of $990.00 in attorney fees.  The paralegal's hours were reduced for time spend on the preparation of package for clerk (0.4 to 0.2), and to file the certificate of interested persons & related case notice (from 0.3 to 0.2), resulting in a total of 1.0 hour and fees totaling $95.00.

**Costs and Expenses**

Plaintiff also seeks $461.54 in costs and expenses for database searches, the filing fee, service of process, and postage pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.  Under 42 U.S.C. § 12205, a prevailing party may recover "a reasonable attorney's fee, including litigation expenses, and costs".  The filing fee and cost of service are statutory costs permitted by Section 1920, while the other expenses are permitted under the ADA and the Consent Decree.  Finding no objection to the costs and expenses, the Court will grant the motion for the full amount.

**Expert Inspections**

Plaintiff seeks $1,300.00 for the inspection invoiced and conducted.  Plaintiff failed to provide the curriculum vitae for

the expert, or the hourly rate charged, however defendant does not object to this expense and inspection fees were included in the Consent Decree.  The motion will be granted as to the $1,300.00.

Plaintiff also seeks an additional $1,000 as a re-inspection fee to be incurred in the future.  Plaintiff does not provide any documentation or estimate from the expert as to whether this amount is justified for inspection of the limited areas listed in paragraph 13 of the Consent Decree.  Plaintiff cites to several cases where a re-inspection fee was permitted, but disingenuously fails to note that the amount approved was not as high as $1,000.00.  In fact, plaintiff cites generally to <u>Access for Am., Inc. v. Oakwood Ctr., L.C.</u>, 8:02-cv-464-T-30MSS, Doc. #38 (M.D. Fla. July 22, 2003) without noting that only $250.00 was authorized.  <u>See also</u> <u>Hoewischer v. T.F. Cowart, Tr.</u>, 3:11-cv-365-J-34MCR, Doc. #33 (M.D. Fla. June 8, 2012) (collecting cases where only $350 was authorized after counsel "has repeatedly requested a steep re-inspection).  The Court will grant the request for $300.00 only.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Verified Application for Attorney's Fees, costs, Expert Witness Fees and Litigation Expenses (Doc. #28) is **GRANTED in part and DENIED in part** as follows:

    A. Plaintiff is awarded attorney's fees in the amount of $990.00 for Thomas Bacon;

    B. Plaintiff is awarded paralegal fees in the amount of $95.00;

    C. Plaintiff is awarded costs in the amount of $461.54;

    D. Plaintiff is awarded inspection costs in the amount of $1,300; and

    E. Plaintiff is awarded re-inspection costs in the amount of $300.

2. Plaintiff's Reply in Support of Her Verified Application (Doc. #32) is **stricken** for failure to comply with the Magistrate Judge's Order.

3. Plaintiff's Verified Supplemental Application (Doc. #33) is **DENIED**.

4. The Clerk shall enter judgment accordingly in favor of plaintiff and against defendant for the amounts listed in paragraph 1.

**DONE and ORDERED** at Fort Myers, Florida, this \_\_10th\_\_ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record